IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED FINANCIAL CASUALTY COMPANY, | ) ) ) | 2:16-CV-02098 LEK |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| J.M.L., a minor, by and through her guardian ad litem, Michelle Rogers, et al. | ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT J.M.L.'S MOTION TO STAY OR
IN THE ALTERNATIVE DISMISS THIS ACTION**

On November 2, 2016, Defendant J.M.L., a minor, by and through her Guardian ad Litem, Michelle Rogers ("J.M.L."), filed a Motion to Stay or in the Alternative Dismiss this Action ("Motion").[1] [Dkt. no. 17.] Plaintiff United Financial Casualty Company ("United Financial") filed its memorandum in opposition on November 21, 2016, and J.M.L. filed her reply on November 29, 2016. [Dkt. nos. 22, 25.] On February 23, 2017, this Court issued an entering order reserving ruling on the Motion until all of the defendants were served with the First Amended Complaint for Declaratory Relief ("First Amended Complaint"), [filed 2/17/17 (dkt. no. 28),] and had the opportunity to respond to the

---

[1] The version of the Motion filed on November 2, 2016 was not properly redacted. J.M.L. filed a properly redacted version on November 22, 2016. [Dkt. no. 23.] All references to the Motion refer to the November 22 version.

Motion ("2/23/17 EO"). [Dkt. no. 31.] On August 31, 2017, United Financial filed a notice stating that it complied with the 2/23/17 EO. [Dkt. no. 61.] On September 6, 2017, J.M.L. filed a supplemental memorandum in support of the Motion ("Supplemental Memorandum"). [Dkt. no. 63.] The Court finds the Motion suitable for disposition without a hearing pursuant to L.R. 230(g) of the Local Rules of the United States District Court for the Eastern District of California ("Local Rules"). J.M.L.'s Motion is hereby granted in part and denied in part, for the reasons set forth below.

**BACKGROUND**

United Financial filed its original Complaint for Declaratory Relief on September 1, 2016. Jurisdiction over the instant case is based on diversity. [First Amended Complaint at ¶ 1.] United Financial seeks a declaratory judgment regarding the commercial automobile insurance policy it issued to Defendant Manjit Singh, doing business as Top Raman Trucking ("Singh"), policy number 03036852-0 ("the Policy"). [Id. at ¶ 24.] The Policy also has a DMV 67 MCP endorsement, in compliance with Cal. Code Regs. tit. 13, § 220.06(b) ("the Endorsement"). [Id. at ¶ 28.]

On March 16, 2015, "Ewell Levy died as a result of a crash while he was driving a 2009 Sterling tractor truck towing two trailers loaded with dirt and gravel" ("the Incident"). [Id.

at ¶ 29.] All of the defendants in this case – with the exception of Singh – have filed an action in a California state court related to the Incident (collectively, "the State Court Actions"). The State Court Actions assert either: wrongful death, bodily injury, or property damage claims against Singh; or claims alleging an interest in the Policy or the Endorsement. Singh tendered the defense in the State Court Actions to United Financial, which is defending him pursuant to a reservation of rights to, *inter alia*, deny coverage under the Policy and the Endorsement. [Id. at ¶¶ 30-31.]

The First Amended Complaint alleges the following claims: a claim for a declaratory judgment that United Financial has no duty under the Policy to defend Singh in the State Court Actions ("Count I"); a claim for a declaratory judgment that United Financial has no duty under the Policy to indemnify Singh against the claims in the State Court Actions ("Count II"); and a claim for a declaratory judgment that United Financial has no duty under the Endorsement to pay for any legal liability that Singh has for the claims in the State Court Actions ("Count III"). In addition to the declaratory relief, United Financial prays for costs of suit and any other appropriate relief.

As of August 26, 2016, four of the initial State Court Actions were pending in the Superior Court in the County of

Solano ("Solano Court") – <u>J.M.L. v. Parvinder Kumar Gir, et al.</u>, Case No. FCS-045211 ("<u>J.M.L. v. Gir</u>"); <u>LaToia Levy Johnson, et al. v. Parvinder Kumar Gir, et al.</u>, Case No. FCS-047005 ("<u>Johnson</u>"); <u>Wesco Insurance Co. v. J.M.L., et al.</u>, Case No. FCS-04099 ("<u>Wesco Insurance</u>"); and <u>United Fire & Casualty Co. v. Roby Trucking, Inc., et al.</u>, Case No. FCS-047177 ("<u>United Fire</u>"). [Motion, Decl. of Thomas C. Knowles in Supp. of Motion ("Knowles Decl."), Exh. A (Notice of Order and Order Relating Cases, of Reassignment, and Notice of Case Management Conference, filed on 8/26/16 in the State Court Actions ("Case Management Order")).] As of the date of the Case Management Order, the four Solano Court cases were either directly assigned or transferred to Judge Michael Mattice and a fifth case – <u>Farmers Insurance Exchange v. Roby Trucking, Inc., et al.</u>, Case No. MSC-15-01794 ("<u>Farmers Insurance</u>") – was pending in the Superior Court for the County of Contra Costa ("Contra Costa Court"), but was expected to be transferred to the Solano Court by stipulation. The Case Management Order stated that, if <u>Farmers Insurance</u> was transferred to the Solano Court, it would be deemed a related case to those before Judge Mattice. [<u>Id.</u> at 3-4, 8.]

The parties were later advised of a sixth case filed in the Contra Costa Court – <u>Rogelio Ramirez-Munoz, et al. v. Roby Truck [sic], RIS Leasing, et al.</u>, Case No. C16-00172 ("<u>Ramirez-Munoz</u>"). [Knowles Decl., Exh. B (Joint Case Management Statement

4

in the State Court Actions, dated October 3 and 29, 2016) at 5.[2]]
J.M.L. v. Gir and Johnson are wrongful death actions, and Munoz-Ramirez is a personal injury action.  [Id. at 10.]  United Fire and Farmers Insurance are subrogation actions, and Wesco Insurance "is an interpleader action which will ultimately become a forum in which numerous claimants with varying types of claims (wrongful death, personal injury, structure damage, commercial loss, etc.) to the limited resources, will be contesting shares with one another."  [Id.]

As of the date of the Supplemental Memorandum, two additional cases had been filed in the Solano Court.[3]  One of the two new cases "seek[s] to pierce the corporate veil" and the other "seek[s] property damage and business losses for which there was insufficient insurance."  [Suppl. Mem. at 2.]  One of the Contra Costa Court cases was dismissed and re-filed in the Solano Court.  All of the Solano Court cases are pending before Judge Mattice.  The one case remaining in the Contra Costa Court had an unopposed motion for transfer to Judge Mattice in the Solano Court.  The motion was scheduled for hearing on September 20, 2017.  [Id.]

---

[2] It is unclear from the Knowles Declaration and Exhibit B whether the Joint Case Management Statement was filed in the State Court Actions.

[3] J.M.L. does not identify the new cases.

According to J.M.L., Singh has been named as a defendant and/or cross-defendant in six of the eight State Court Cases, and, every time a new plaintiff in the State Court Cases files a claim against Singh, United Financial brings the plaintiff into the instant case as defendant. J.M.L. also notes that United Financial's counsel has been voluntarily participating in the State Court Action's case management proceedings before Judge Mattice. [Id. at 2-3.]

J.M.L. argues that the instant case presents state law issues that "will be effectively and more efficiently adjudicated in state court as part of the" State Court Actions, including whether United Financial has a duty to insure and defend Singh under the Policy and/or the Endorsement. [Mem. in Supp. of Motion at 7.] J.M.L. asserts that the factors in Brillhart v. Excess Insurance Co. of America, 316 U.S. 491 (1942), and Government Employees Insurance Co. v. Dizol, 133 F.3d 1220 (9th Cir. 1998), weigh in favor of staying or dismissing this case.

**STANDARD**

This district court has set forth the following analysis applicable to the determination of whether to stay a declaratory judgment action in light of pending state court proceedings:

> A motion to stay in a declaratory relief action is considered in light of the fact that declaratory relief "is discretionary, for the Declaratory Judgment Act is 'deliberately cast in terms of

> permissive, rather than mandatory, authority." Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998) (quoting Public Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 250, 73 S. Ct. 236, 97 L. Ed. 291 (1952)). "The Act 'gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so.'" Id. (quoting Public Affairs Associates v. Rickover, 369 U.S. 111, 1112, 82 S. Ct. 580, 7 L. Ed. 2d 604 (1962)).
>
> When deciding a motion to stay proceedings in a Declaratory Judgment Act action due to a pending proceeding in state court, the Court must consider the factors set forth in Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942) and Dizol. The Court (1) should avoid needless determination of state law issues, (2) should discourage litigants from filing declaratory actions as a means of forum shopping, and (3) should avoid duplicative litigation. Dizol, 133 F.3d at 1225. The Court should also consider (4) whether the declaratory action will settle all aspects of the controversy, (5) whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue, (6) whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage, (7) whether the use of a declaratory action will result in entanglement between the federal and state court systems, (8) the convenience of the parties, and (9) the availability and relative convenience of other remedies. Id. at 1225 n.5.

N.E. Ins. Co. v. Masonmar, Inc., No. 1:13-cv-00364-AWI-SAB, 2013 WL 2474682, at *2 (E.D. Cal. June 7, 2013). This district court also uses these factors in the analysis of whether to dismiss a declaratory judgment action in light of pending state court proceedings. See, e.g., Atain Specialty Ins. Co. v. Hernandez, No. 2:13-cv-00530-MCE-KJN, 2014 WL 295202, at *3 (E.D. Cal. Jan. 24, 2014); accord R.R. St. & Co. Inc. v. Transp. Ins. Co.,

656 F.3d 966, 975 (9th Cir. 2011) (noting that, in Brillhart, "the Supreme Court held that a district court has discretion to dismiss a federal declaratory judgment action when 'the questions in controversy . . . can better be settled in' a pending state court proceeding" (alteration in R.R. St.) (quoting Brillhart, 316 U.S. at 495, 62 S. Ct. 1173)).

## DISCUSSION

**I. Brillhart/Dizol Factors**

This Court begins by examining whether the Brillhart/Dizol factors weigh in favor of or against the exercise of jurisdiction in this case.

**A. Avoiding Needless Determinations of State Law Issues**

This district court has stated:

> This factor relates to unsettled issues of state law, not unsettled issues of fact in the specific action. Cont'l Cas. Co. v. Robsac Indus., 947 F.2d 1367, 1371 (9th Cir. 1991), *overruled on other grounds by* Dizol, 133 F.3d at 1224–25. A stay is warranted where "[t]he precise state law issues at stake in the present case are the subject of a parallel proceeding in state court." Id.

James River Ins. Co v. RV Tomlinson Const., Inc., No. CIV. 2:13-00140 WBS AC, 2013 WL 1934354, at *2 (E.D. Cal. May 9, 2013) (alteration in James River).

The instant case will involve the interpretation of the Motor Carriers of Property Permit Act ("MCPPA"), Cal. Veh. Code, § 34600 *et seq.* The MCPPA requires, subject to certain

8

exceptions, "[e]very motor carrier of property," to maintain "adequate protection against liability imposed by law upon those carriers for the payment of damages in the amount of a combined single limit of not less than seven hundred fifty thousand dollars ($750,000) on account of bodily injuries to, or death of, one or more persons, or damage to or destruction of, property." Cal. Veh. Code § 34631.5(a)(1). While the issues in this case are state law issues, California insurance law is well established, and the unsettled issues in the case are factual, not legal. Thus, the first Brillhart/Dizol factor weighs against the stay or dismissal of this action.

**B.  Discouraging Forum Shopping**

This district court has stated:

> The Ninth Circuit has said that Brillhart's forum shopping factor relates to "the 'defensive' or 'reactive' nature of a federal declaratory judgment suit," and such a suit "would justify a court's decision not to exercise jurisdiction." Robsac, 947 F.2d at 1371 (citation and internal quotation marks omitted).
>
> . . . .
>
> Nothing in the record before the court supports a finding that either party's suit was improperly reactive or defensive: "Federal declaratory judgment suits are routinely filed in anticipation of other litigation. . . . Merely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping.'" Sherwin-Williams Co. v. Holmes Cnty., 343 F.3d 383, 391 (5th Cir. 2003); see also Dizol, 133 F.3d

9

> at 1225 ("We know of no authority for the
> proposition that an insurer is barred from
> invoking diversity jurisdiction to bring a
> declaratory judgment action against an insured on
> an issue of coverage.") (citation and internal
> quotation marks omitted); but see Budget
> Rent-A-Car v. Crawford, 108 F.3d 1075, 1081 (9th
> Cir. 1997), *overruled in part on other grounds by*
> Dizol, 133 F.3d 1220 (stating that concerns about
> forum shopping "are also present when a federal
> plaintiff seeks declaratory relief in anticipation
> that a related state court proceeding may be
> filed").
>
> Moreover, "[t]iming is only one consideration
> when deciding whether to entertain a declaratory
> judgment action, and the Wilton/Brillhart factors
> sometimes compel a court to decline to entertain
> an earlier-filed action in favor of a later-filed
> action." R.R. Street, 656 F.3d at 976. The fact
> that defendants' state action was filed later
> similarly does not, without more, show the suit
> was defensive or reactive.

Lexington Ins. Co. v. Silva Trucking, Inc., No. 2:14-CV-0015 KJM CKD, 2014 WL 1839076, at *8 (E.D. Cal. May 7, 2014) (some alterations in Silva Trucking). Although the there are insurance issues among the issues presented in the State Court Actions, United Financial apparently is not a party in any of the State Court Actions. There is no indication that United Financial is forum shopping in the instant case. Thus, the second Brillhart/Dizol factor weighs against the stay or dismissal of this action.

### C. Duplicative Litigation

> A court may dismiss or abstain from a
> declaratory action when "[a]ll of the issues
> presented by the declaratory judgment action could
> be resolved by the state court." Robsac, 947 F.2d

>                    at 1372. The federal and state cases do not have
>                    to be completely parallel: "an exact or precise
>                    identity of the issues between the federal and
>                    state action is not required to support dismissal
>                    of a declaratory action." Navigators Specialty
>                    Ins. Co. v. CHSI of Cal., No. 3:12-cv-1611-GPC-
>                    JMA, 2013 WL 435944, at *5 (S.D. Cal. Feb. 4,
>                    2013); see also Emps. Reins. Corp. v. Karussos, 65
>                    F.3d 796, 800 (9th Cir. 1995), *overruled in part
>                    on other grounds by* Dizol, 133 F.3d 1220.

Id. at *9.

United Financial emphasizes that it "cannot and never will be a party to" the State Court Actions. [Mem. in Opp. at 16.] While the specific coverage issues in the instant case are not presented in the State Court Actions, the third Brillhart/Dizol factor does not ask whether the issues in the federal and state actions are identical. United Financial acknowledges that this case will require comparing the terms of the Policy and the Endorsement with facts related to the Incident. [Id. at 7.] United Financial argues that the facts are undisputed, but this Court disagrees. Because many factual issues about the Incident will be litigated in both the instant case and the State Court Actions, the third Brillhart/Dizol factor weighs in favor of staying or dismissing this action.

**D.    Other Factors**

The fact that this declaratory judgment action will not settle all aspects of the controversy related to the Incident weighs in favor of a stay. As to the fifth factor, this case will clarify the legal relations between United Financial and

11

Singh, but will have little to no effect on the other relevant legal relations related to the Incident. Thus, this factor is neutral, at best. Because United Financial is not a party in the State Court Actions, it would not obtain a res judicata advantage, or other procedural advantage, in the other actions if this case goes forward. However, because the other parties in the State Court Actions are defendants in the instant case, they could use the instant case to obtain such advantages against each other. The sixth Brillhart/Dizol factor is therefore either neutral or weighs in favor of dismissal or a stay.

In light of the extent of the State Court Actions and the overlapping issues in both this case and the State Court Actions, allowing this action to go forward will result in entanglement between the federal and state court systems. Thus, the seventh Brillhart/Dizol factor weighs in favor of the stay or dismissal of this action. The convenience of the parties also weighs in favor of a stay because of the coordinated litigation in the State Court Actions, in which United Financial's counsel has had some voluntarily participation. However, the final Brillhart/Dizol factor weighs against the stay or dismissal of this action. Because United Financial is not a party to the State Court Actions, there would not be other remedies available to United Financial if this case is dismissed or stayed.

### E. Balancing the *Brillhart*/*Dizol* Factors

Some of the factors weigh against dismissal or stay, the majority of the factors either weigh in favor of dismissal or stay or are neutral. "Numerosity is not dispositive," and some factors can be given additional weight if appropriate under the facts of the case. See James River, 2013 WL 1934354, at *4. Having carefully considered the Brillhart/Dizol factors – in particular, the risk of duplicative litigation and the possible use of this case to gain advantages in the State Court Actions, this Court concludes that dismissal or a stay is warranted under the circumstances of this case.

## II. **Whether Dismissal or a Stay is Appropriate**

The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

> For there to be an actual case or controversy, there must be a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment," and the actual controversy between the parties must relate to a claim upon which relief can be granted. MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007) (quotation omitted); Leadsinger, Inc. v. BMG Music Pub., 429 F. Supp. 2d [1190, 1193] (C.D. Cal. 2005). The Act's case or controversy requirement is satisfied when the

> plaintiff has "a real and reasonable apprehension that he will be subject to liability." Societe de Conditionement en Aluminum v. Hunter Eng'g Co., Inc., 655 F.2d 938, 944 (9th Cir. 1981). The fact that a defendant's liability may be contingent does not necessarily mean there is no controversy. Progressive Cas. Ins. Co. v. Dalton, No. 12-713, 2012 WL 6088313, at *5 [(E.D. Cal. Dec. 6, 2012)]. Furthermore, the Act allows the district court to litigate a controversy that would "otherwise . . . only be tried in the future." Societe de Conditionnement, 655 F.2d at 943. Declaratory judgment essentially provides relief for parties who seek to vindicate interests before they are jeopardized or challenged, before a right of action exists or claim accrues. Maryland Cas. Co. v. Hubbard, 22 F. Supp. 697, 699 (S.D. Cal. 1938); Allied Prop. & Cas. Ins. Co. v. Roberts, No. 2:11-CV-00740-MCE, 2011 WL 2496039, at *4 (E.D. Cal. June 21, 2011).
>
> In insurance cases, the Supreme Court has determined that an actual controversy can exist between an insurer and the allegedly injured third party even though that third party is not a party to the insurance contract. Maryland Cas. v. Pacific Coal & Oil Co., 312 U.S. 270, 273-74 (1941); see also Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir. 2009). The Ninth Circuit has confirmed in recent decisions that a case or controversy exists where the insurer seeks a declaration regarding its duty to defend and indemnify its insured in a pending suit against the insured by a third-party. Am. States Ins. Co. v. Kearns, 15 F.3d 142, 144 (9th Cir. 1994); Aetna Cas. and Sur. Co. v. Merritt, 974 F.2d 1196, 1199 (9th Cir. 1992). An insurer's declaratory relief action regarding its duty to defend and indemnify is ripe and justiciable even if the underlying liability action has not proceeded to judgment. Kearns, 15 F.3d at 144.

Houston Cas. Co. v. Metheny, No. 2:14-cv-01377-KJM-CMK, 2016 WL 615651, at *3 (E.D. Cal. Feb. 16, 2016) (some alterations in Metheny). Under this analysis, there is federal subject matter

jurisdiction in the instant case because there is an actual case or controversy.  Dismissal of the instant case is not necessary, and a stay is appropriate under the circumstances of this case.

## CONCLUSION

On the basis of the foregoing, J.M.L.'s Motion to Stay or in the Alternative Dismiss this Action, filed November 22, 2016, is HEREBY GRANTED insofar as the case is STAYED pending the resolution of the aforementioned cases pending in the California State Courts.  The Motion is DENIED as to J.M.L.'s request to dismiss the case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 13, 2017.

/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**UNITED FINANCIAL CASUALTY CO. V. J.M.L., ET AL.; CASE NO. 2:16-CV-02098 LEK; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT J.M.L.'S MOTION TO STAY OR IN THE ALTERNATIVE DISMISS THIS ACTION**